# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **ANGELA OOTSEY,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-853 |
| | § | |
| **SAVANNAH GRASSER,** | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Respectfully submitted,

*/s/ Scott H. Palmer*
SCOTT H. PALMER,
Texas Bar No. 00797196

*/s/ James P. Roberts*
JAMES P. ROBERTS,
Texas Bar No. 24105721

SCOTT H. PALMER, P.C.
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone: 214.987.4100
Facsimile: 214.922.9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................3
SUMMARY ........................................................................................................................5
I.     PARTIES ...............................................................................................................6
II.    JURISDICTION AND VENUE ............................................................................6
III.   FACTS AND ALLEGATIONS .............................................................................6
       Defendant Grasser's Shocking Excessive Force ...................................................6
IV.    CAUSES OF ACTION........................................................................................ 12
V.     PUNITIVE DAMAGES ...................................................................................... 16
VI.    DAMAGES ......................................................................................................... 16
VII.   ATTORNEY'S FEES ...........................................................................................17
VIII.  JURY REQUEST .................................................................................................17
PRAYER........................................................................................................................... 18

# **TABLE OF AUTHORITIES**

**Cases**

*Bush v. Strain,*
   513 F.3d 492, 502 (5th Cir. 2008) .................................................................................. 13

*Darden v. City of Fort Worth, Texas,*
   880 F.3d 722, 731 (5th Cir. 2018) ............................................................................ 4, 12

*Deville v. Marcantel,*
   567 F.3d 156, 167 (5th Cir. 2009) ........................................................................ 13, 14

*Hanks v. Rogers,*
   853 F.3d 738, 746 (5th Cir. 2017) ........................................................................ 13, 14

*Newman v. Guedry,*
   703 F.3d 757, 763 (5th Cir. 2012) .................................................................................. 13

*Trammell v. Fruge,*
   868 F.3d 332, 341 (5th Cir. 2017) .................................................................................. 13

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Angela Ootsey, Plaintiff, complaining of Savannah Grasser, and for cause of action will respectfully show unto the Court as follows:

> "[A] constitutional violation occurs when an officer tases, strikes, or violently slams an arrestee who is not actively resisting arrest."

*Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 731 (5th Cir. 2018).

## SUMMARY

On April 30, 2020, during a routine traffic stop, Defendant Plano Police Officer Savannah Grasser violently smashed Angela Ootsey's car window, pulled her from the car by her hair, and slammed her onto the pavement. Defendant Grasser ripped a patch of hair from Ms. Ootsey's head when she pulled Ms. Ootsey from the car. This use of force was clearly excessive as Ms. Ootsey sat stationary in her car on the phone with 911 requesting another officer due to being frightened by Defendant Grasser's demeanor – a fear that was ultimately substantiated. Defendant Grasser was later disciplined after an internal investigation. Ms. Ootsey now files this lawsuit for violation of her right to be free from excessive force under the Fourth Amendment to the United States Constitution.



**Plano** — City of Excellence

Police Department
909 14th Street
Plano, TX 75074
Tel: 972.424.5678
planopolice.org

City of Plano
P.O. Box 860358
Plano, TX 75086-0358
Tel: 972.941.7000
plano.gov

June 4, 2020

Angela M Ootsey
810 Leading Lane
Allen, TX 75002

Dear Ms. Ootsey,

The Plano Police Department is an organization that is dedicated to providing only the most professional service to the citizens we serve. We appreciate you contacting us concerning the matter involving Officer Savannah Grasser. A thorough investigation was conducted into your allegation(s).

==The investigation was reviewed by the employee's supervisory chain of command and it was determined that her actions were not within policy. Officer Savannah Grasser will receive discipline commensurate with their actions.==

If you need to discuss this matter further please contact Investigator Yokel of the Professional Standards Unit at 972-941-2436.

Sincerely,

Courtney Noel, Sergeant
Professional Standards Unit

CN/RY

IA2020-053

## I.
## PARTIES

1. Plaintiff Angela Ootsey is a resident of Collin County, Texas.

2. Defendant Savannah Grasser is an individual residing in Collin County, Texas and is a police officer with the Plano Police Department and may be served at her place of employment at the Plano Police Department located at 909 14th Street Plano, TX, 75074 or wherever she may be found. Defendant Grasser is being sued in her individual capacity.

## II.
## JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

4. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because the Defendant is domiciled and/or resides in the Eastern District of Texas, and all or a substantial part of the cause of action accrued in the Eastern District of Texas.

## III.
## FACTS AND ALLEGATIONS

5. Plaintiff Angela Ootsey is a thirty-three-year-old African American woman.

6. Defendant Savannah Grasser is a white female officer who started her employment with Plano Police Department on November 1, 2017.

7. In the months following her excessive use of force against Ms. Ootsey, Defendant Grasser took two continuing education courses which she had never taken before:  Police Officer Anti-Bias Training and Implicit Bias and Social Justice.

### Defendant Grasser's Shocking Excessive Force

8. On April 30, 2020, Ms. Ootsey was on her way home from work.

9. Ms. Ootsey exited the highway and noticed a police vehicle behind her with its overhead lights activated.

10. Just as she was supposed to do, Ms. Ootsey pulled to the shoulder of the road and put on her hazard lights.

11. Defendant Grasser, an officer with the Plano Police Department, exited her police vehicle and approached Ms. Ootsey's passenger side door.

12. Ms. Ootsey rolled down her passenger side window and placed her hands on the steering wheel.

13. Defendant Grasser asked Ms. Ootsey where she had just come from.

14. Ms. Ootsey explained that she just came from work and was heading home.

15. Defendant Grasser instructed Ms. Ootsey to turn off her car.

16. Ms. Ootsey complied by turning off her car as she was instructed to do.

17. Ms. Ootsey then proceeded to pull out her license and registration.

18. In an aggressive tone, Defendant Grasser demanded that Ms. Ootsey get out her vehicle.

19. Ms. Ootsey did not get out of her vehicle and instead dialed 911, as she was alarmed by Defendant Grasser's aggressive tone.

20. Ms. Ootsey showed her phone to Defendant Grasser to inform her that Ms. Ootsey was on the phone with a 911 operator.

21. Defendant Grasser approached Ms. Ootsey's driver side door and began to violently strike the window with her baton.

22. Defendant Grasser struck the window repeatedly until the glass shattered into the car and onto Ms. Ootsey.

23. When Defendant Grasser repeatedly struck Ms. Ootsey's driver side window, Ms. Ootsey was sitting stationary in her car, which had been turned off, on the phone with 911 operators after showing the phone to Defendant Grasser so that Defendant Grasser knew who she was calling.

24. Ms. Ootsey was not attempting to drive away as her car was parked and turned off and she was on the phone with 911 operators.

25. Below is an image depicting the shattered glass from Mr. Ootsey's car window caused by Defendant Grasser violently striking the window.



26. The sharp shards of glass from the driver side window shattered onto Ms. Ootsey as she sat in the driver's seat with the car off, without threatening Defendant Grasser or attempting to leave.

27. After raining shattered glass all over Ms. Ootsey, Defendant Grasser reached into the broken window and opened the car door.

28. Defendant Grasser then grabbed Ms. Ootsey by her hair.

29. Defendant Grasser pulled Ms. Ootsey out of the car by her hair.

30. Once Defendant Grasser pulled Ms. Ootsey out of the car by her hair, Defendant Grasser slammed Ms. Ootsey onto the pavement.

31. When Defendant Grasser pulled Ms. Ootsey out of the car by her hair, she ripped a patch of hair out of Ms. Ootsey's head.

32. The below picture depicts where the patch of hair was ripped from her head by Defendant Grasser.



33. At no time was Ms. Ootsey suspected of committing a violent or felony offense as Ms. Ootsey was stopped for a minor traffic violation and then simply refused to exit her vehicle and called 911 due to Defendant Grasser's aggressive demeanor.

34. At the time Defendant Grasser pulled Ms. Ootsey out of the car by her hair and slammed her onto the pavement Ms. Ootsey was not actively resisting or evading arrest as she simply sat stationary in her car with the ignition turned off and with hands visible on the phone with 911, never pushed Defendant Grasser, never struck or kicked Defendant Grasser, and never ran or attempted to flee from Defendant Grasser.

35. Ms. Ootsey was not physically or verbally threatening Defendant Grasser or any other person as she simply sat stationary in her car with the ignition turned off and with hands visible on the phone with 911.

36. When Defendant Grasser slammed Ms. Ootsey onto the pavement Ms. Ootsey was not a danger to Defendant Grasser or any other person as Ms. Ootsey was not in possession of a weapon, was not holding a weapon, and had not reached for her pocket, waistband, or inside her vehicle where a weapon could have been held.

37. As a result of Defendant Grasser's use of force, Ms. Ootsey suffered injuries to her arms and back including scratches and bruises, and she suffered pain when she had a section of hair pulled from her scalp by Defendant Grasser.

38. In an effort to justify her clear use of excessive force, Defendant Grasser charged Ms. Ootsey with Interference with Public Duties of a Peace Officer; however, this charge was later dismissed.

39. In an internal investigation following the incident, Defendant Grasser was disciplined as her "actions were not within policy."



June 4, 2020

Angela M Ootsey
810 Leading Lane
Allen, TX 75002

Dear Ms. Ootsey,

The Plano Police Department is an organization that is dedicated to providing only the most professional service to the citizens we serve. We appreciate you contacting us concerning the matter involving Officer Savannah Grasser. A thorough investigation was conducted into your allegation(s).

==The investigation was reviewed by the employee's supervisory chain of command and it was determined that her actions were not within policy. Officer Savannah Grasser will receive discipline commensurate with their actions.==

If you need to discuss this matter further please contact Investigator Yokel of the Professional Standards Unit at 972-941-2436.

Sincerely,

Courtney Noel, Sergeant
Professional Standards Unit

CN/RY

IA2020-053

40. Defendant Grasser was at all times acting under the color of law as she was an on-duty police officer for the Plano Police Department and was detaining Ms. Ootsey at the time she used excessive force in shattering glass onto Ms. Ootsey, pulling Ms. Ootsey from her car by her hair, pulling Ms. Ootsey's hair out of her scalp, and slamming her onto the pavement.

41. Ms. Ootsey's injuries were not caused by any other means.

## IV.
## CAUSES OF ACTION

### Count One

### Excessive Force
### Violation of the Fourth Amendment Pursuant to 42 U.S.C § 1983
### Against Defendant Grasser

42. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

43. Acting under the color of law, Defendant Grasser deprived Ms. Ootsey of the rights and privileges secured to her by the Fourth Amendment by way of the Fourteenth Amendment to the United States Constitution and by other laws of the United States to be free from illegal and unreasonable seizures by the use of force.

44. Ms. Ootsey brings this cause of action pursuant to 42 U.S.C. § 1983.

45. The amount of force used by Defendant Grasser against Ms. Ootsey as described above, specifically but not limited to, when Defendant Grasser pulled Ms. Ootsey from her vehicle by her hair causing the hair to be ripped from her scalp and then when Defendant Grasser slammed Ms. Ootsey onto the pavement causing Ms. Ootsey's face to strike the pavement when Ms. Ootsey was not actively resisting arrest, was objectively unreasonable under the circumstances and inflicted unnecessary injury, pain, and suffer upon Ms. Ootsey.

46. A constitutional violation occurs when an officer tases, strikes, or **violently slams** an arrestee who is not actively resisting arrest. *Darden,* 880 F.3d at 731.

47. Fifth Circuit case law makes clear that when an arrestee is not actively resisting arrest the degree of force an officer can employ is reduced. *Id.*

48. [A]lthough the right to make an arrest "'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it,'" the permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee. *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (internal citations omitted).

49. Although officers may need to use "physical force … to effectuate [a] suspect's compliance" when he refuses to comply with commands during a traffic stop, the officers still must assess "the relationship between the need and the amount of force used." *Newman v. Guedry*, 703 F.3d 757, 763 (5th Cir. 2012); quoting *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009).

50. Where an individual's conduct amounts to mere "passive resistance," use of force is not justified. *Trammell v. Fruge*, 868 F.3d 332, 341 (5th Cir. 2017) (finding that the plaintiff pulling his arm away from officers amounted to only passive resistance and did not justify the use of force against plaintiff); *See Hanks v. Rogers*, 853 F.3d 738, 746 (5th Cir. 2017) (determining the plaintiff's initial refusals to follow a police officer's instructions amounted to, "at most, passive resistance" and did not justify the officers use of a " 'half spear' takedown" against the plaintiff); *Deville*, 567 F.3d at 168 (**the plaintiff's refusal to get out of her car before her husband arrived on the scene constituted passive resistance**).

51. In *Deville*, a woman who was pulled over for speeding did nothing more than refuse to get out of her car and rolled up her window as she called her husband. In response, officers smashed the window, pulled her out of the car, threw her up against it, and handcuffed her. *Deville*, 567 F.3d at 162.

52. The plaintiff in *Deville* had been pulled over for speeding and testified there was no indication she might flee. *Id.* at 156. The plaintiff alleged she only passively resisted the officers by refusing to get out of her vehicle until her husband arrived. *Id.*

53. The Fifth Circuit has since stated *Deville* stands for the proposition that an officer cannot, in the face of minimal to no resistance, immediately resort to overwhelming force when stopping a suspect for a minor traffic violation. *Hanks*, 853 F.3d at 747 (citing *Deville*, among other cases, as clearly establishing that an officer cannot "abruptly resort [] to overwhelming physical force rather than continuing verbal negotiations with an individual … who engages in, at most, passive resistance, and whom the officer stopped for a minor traffic violation").

54. The facts of this case are strikingly similar to *Deville*. 567 F.3d at 156.

55. In this case, similar to the circumstances in *Deville*, Ms. Ootsey was not actively resisting arrest, at most her failure to get out her car amounted to passive resistance, and violently smashing her car window, dragging her out the car by her hair and slamming her onto the pavement was objectively unreasonable and a use of excessive force in violation of her constitutional rights.

56. Defendant Grasser immediately resorted to overwhelming force in the face of passive resistance, did not use "measured and ascending force," and was not confronted with "escalating verbal and physical resistance."

57. A seizure is unreasonable if it results in (a) an injury, (b) that resulted directly and only from a use of force that was clearly excessive, and (c) the excessiveness was clearly unreasonable.

58. Ms. Ootsey was not threatening any officer or other person immediately prior to and at the time when Defendant Grasser pulled Ms. Ootsey out of her car by her

hair causing her hair to be ripped from her scalp and then slammed Ms. Ootsey onto the pavement, as Ms. Ootsey was simply sitting stationary in her vehicle which was turned off with hands visible dialing 911.

59. Ms. Ootsey was not attempting to evade or resist arrest immediately prior to and at the time when Defendant Grasser pulled Ms. Ootsey out of her car by her hair causing her hair to be ripped from her scalp and then slammed Ms. Ootsey onto the pavement, as Ms. Ootsey was simply sitting stationary in her vehicle which was turned off with her hands visible dialing 911.

60. A reasonable officer would know that the use of force by pulling a person from their car by their hair causing the hair to be ripped from their scalp and then slamming that person onto the pavement is <u>clearly excessive</u> when engaging with citizens such as Ms. Ootsey, who was not threatening any officer or other person, was unarmed, did not reach for her pocket, waistband, or inside her vehicle where a weapon could have been held, was not attempting to evade or resist arrest at the time force was used as she was sitting stationary in her car with the ignition off as instructed, and who the use of force was not warranted.

61. A reasonable officer would know that the use of force by pulling a person from their car by their hair causing the hair to be ripped from their scalp and then slamming that person onto the pavement is <u>clearly unreasonable</u> when engaging with citizens such as Ms. Ootsey, who was not threatening any officer or other person, was unarmed, did not reach for her pocket, waistband, or inside her vehicle where a weapon could have been held, was not attempting to evade or resist arrest at the time force was used as she was sitting stationary in her car with the ignition off as instructed, and who the use of force was not warranted.

62. A reasonable officer in Defendant Grasser's position would know that pulling Ms. Ootsey from her car by her hair causing her hair to be ripped from her scalp and then slamming Ms. Ootsey onto the pavement was clearly unreasonable and excessive, when Ms. Ootsey was only suspected of committing a minor traffic violation, was not threatening any officer or other person, was unarmed, did not reach for her pocket, waistband, or inside her vehicle where a weapon could have been held, was not attempting to evade or resist arrest at the time force was used as she was sitting stationary in her car with the ignition off as instructed, and who the use of force was not warranted.

63. As a direct result of the force used against her by Defendant Grasser, Ms. Ootsey has suffered physical injury, pain, and mental anguish for which she sues herein.

64. These injuries were not caused by any other means.

## V.
## PUNITIVE DAMAGES

65. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

66. When viewed objectively from the standpoint of Defendant Grasser, at the time of the occurrence, Defendant Grasser's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

67. As a direct, proximate, and producing cause and the intentional, egregious, and malicious conduct by Defendant Grasser, Plaintiff is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

## VI.
## DAMAGES

68. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

69. Plaintiff's injuries were a foreseeable event. Those injuries were directly and proximately caused by Defendant Grasser's use of excessive and unreasonable force against Plaintiff.

70. As a result, Plaintiff is entitled to recover all actual damages allowed by law. Plaintiff contends Defendant Grasser's conduct constitutes malice, evil intent, or reckless or callous indifference to Plaintiff's constitutionally protected rights. Thus, Plaintiff is entitled to punitive damages.

71. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

   a. Physical injuries;

   b. Physical pain and suffering in the past; and

   c. Emotional distress, torment, and mental anguish in the past.

72. Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff seeks to recover, and hereby requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## ATTORNEY'S FEES

73. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## JURY REQUEST

74. Plaintiff respectfully requests a jury trial.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which she may show herself justly entitled.

Respectfully submitted,

*/s/ Scott H. Palmer*
SCOTT H. PALMER,
Texas Bar No. 00797196

*/s/ James P. Roberts*
JAMES P. ROBERTS,
Texas Bar No. 24105721

SCOTT H. PALMER, P.C.
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone: 214.987.4100
Facsimile: 214.922.9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF